FITZGERALD v. CLARDY.

MANDAMUS—PUBLIC UTILITIES COMMISSION.

Petition by one member of public utilities commission for writ of mandamus to compel other members of said commission to give plaintiff notice of meetings, keep proper records thereof, and give plaintiff prompt access to all official records, is denied, where answer of defendants shows that they are willing to do all that order, if issued, would require them to do.

Mandamus by Edward T. Fitzgerald, public utilities commissioner, against Kit F. Clardy and others, public utilities commissioners, to compel defendants to give plaintiff notice of meetings of the commission, make records thereof, and provide for plaintiff's unrestricted access to books and records of the commission. Submitted June 29, 1933. (Calendar No. 37,482-½.) Writ denied October 2, 1933.

*Fred A. Schopp,* for plaintiff.

*Shields, Silsbee, Ballard & Jennings,* for defendants.

PER CURIAM. Alleging a denial of the rights he seeks to enforce, Edward T. Fitzgerald, a member of the Michigan public utilities commission, has filed a petition asking for the issuance of an order to his fellow members of the commission to show cause why they should not be mandamused to give petitioner proper notice of all meetings, and keep proper records of what transpires at them, and further give him prompt, complete, and unrestricted access to all official mail, books, records, financial reports, and data of the commission.

Respondents, answering in separate affidavits of themselves and others, allege that petitioner has in no way been denied the rights he seeks, but, on the contrary, has failed to exercise them and neglected to properly attend to his duties as commissioner; that he has persistently absented himself from the frequent meetings of the commission, and, even when he has attended them, frequently he has remained for only a brief interval, and then left to attend to his private business; and very often he has absented himself from his office and the city of Lansing, where hearings are had, and that his whereabouts could not be ascertained in order to summon him to meetings; that out of 414 cases reported during the first six months of the current year, petitioner has not participated in approximately 70 per cent. of them; that the commission frequently first learns of his individual views on matters pending by reading statements of petitioner in the public press, notwithstanding the fact that he has failed

to give such matters proper study and consideration; that the work of the commission has grown to such an extent that it became necessary to adopt proper rules in reference to the files and correspondence, and that by vote of the commission it was determined that for expedition each case, with file and all correspondence relating thereto, be first referred to an individual commissioner for study and report, and while in his hands, such file is withdrawn from the file room and all correspondence received is immediately referred to the commissioner, but that at all other times the files and correspondence in the file room are available to the commissioners. We do not doubt that respondents will concede the right of a commissioner, on proper request and at times mutually convenient, to inspect files and correspondence in the hands of the reviewing commissioner.

There seems to be no serious dispute as to the respective rights and duties of the parties, and it would serve no useful purpose to order a reference to take testimony and decide issues of fact which, even if decided adversely to respondents, would only result in an order that they do what they maintain they have always been and are willing to do. It would be far better that the attention of the commissioners be not diverted from the large amount of public business they have to attend to. With the assurance of respondents as given in the affidavits, and a reasonable effort by petitioner and the other commissioners to work together, no further difficulties should arise. If they do, a new application may be made.

The present petition is denied, without costs.